IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50562
Summary Calendar
_____

SHANNON DAY,

                                        Plaintiff-Appellant,

versus

GARY PAINTER, Sheriff of Midland County, Tex.,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-94-CV-223
- - - - - - - - - -
February 25, 1998

Before DUHE, DeMOSS and DENNIS, Circuit Judges.

PER CURIAM:[*]

Shannon Day, a Texas prisoner (# 683576), appeals from the district court's denial of his "Motion for New Trial," which was actually framed as a motion for relief from judgment pursuant to FED. R. CIV. P. 60(b)(2) and (b)(3), in his civil rights action. Because Day's motion was not filed until June 27, 1997, and the district court had entered judgment in his action on March 7, 1996, the district court did not abuse its discretion in denying

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his "Motion for New Trial" as time-barred.  See Wilson v. Johns-Manville Sales Corp., 873 F.2d 869, 871-72 (5th Cir. 1989); Rule 60(b) (motion for relief from judgment brought pursuant to subsections (b)(2) or (b)(3), for "newly discovered evidence" or "fraud," must be "made . . . not more than one year after the judgment . . . was entered").

Insofar as Day sought relief under Rule 60(b)'s "savings clause," which states that a party may be granted relief from judgment for "fraud on the court," the district court's denial of Day's "Motion for New Trial" was also not an abuse of discretion. Day's primary assertion has been that defendant Painter provided false, misleading, and incomplete answers to discovery requests. Even if Day's allegations were taken as true, this is not sufficiently egregious misconduct to warrant relief under the "savings clause."  See Wilson, 873 F.2d at 872; Rozier v. Ford Motor Co., 573 F.2d 1332, 1338-39 (5th Cir. 1978).

AFFIRMED.